

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DELPHIA RAY,

            Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner Social Security,

            Defendant-Appellee.

No.   16-15748

D.C. No. 1:14-cv-01039-EPG

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Erica P. Grosjean, Magistrate Judge, Presiding

Submitted October 11, 2017**
San Francisco, California

Before: O'SCANNLAIN and BYBEE, Circuit Judges, and MAHAN,*** District
Judge.

---

    \*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    \*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    \*\*\*      The Honorable James C. Mahan, United States District Judge for the
District of Nevada, sitting by designation.

Delphia Ray appeals the district court's denial of her appeal from the decision of an Administrative Law Judge, denying Disability Insurance Benefits and Supplementary Security Income. Two reports by an examining psychiatrist underlie this appeal. A 2011 report concluded that Ray has no limitations to work, but a 2013 report concluded that she has two limitations. On review, a State agency physician rejected the 2013 report's conclusions. The ALJ agreed and discounted the 2013 report in her analysis of Ray's Residual Functional Capacity.

Ray argues that the ALJ improperly discounted the 2013 report by not providing "specific, legitimate reasons [for doing so] . . . based on substantial evidence in the record." *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). We review only the reasons asserted by the ALJ. *Id*. at 630.

The 2013 report concluded that Ray is "unable to maintain attention and concentration to carry out simple job instructions." The ALJ discounted this conclusion with specific, legitimate reasons supported by substantial evidence. The ALJ relied on the State agency physician's finding that the report was internally inconsistent. The report is inconsistent because of the unqualified, unconditional, and absolute nature of its conclusions. That Ray asked the psychiatrist to repeat the digits, and that she erred somewhat while reciting them backwards, may show that her attention and concentration deficits *might* make it

2

difficult to follow instructions or *might* make a perfect performance unlikely on her first try. Instead, with no analysis, explanation, or qualification, the 2013 report concluded that Ray's attention and concentration deficits are so severe that she is unable to "carry out simple job instructions." This is at odds with Ray's apparent ability to carry out the many simple instructions that the psychiatrist gave throughout the examination, albeit with occasional error or difficulty. Moreover, as the district court observed, even if the 2013 report is not necessarily internally inconsistent, the ALJ gave specific, legitimate reasons for affording greater weight to the contrary report of the State agency physician, which was supported by and more consistent with the record as a whole.

The 2013 report also concluded that Ray is "unable to relate and interact with coworkers, supervisors, and the general public." The ALJ discounted this conclusion with specific, legitimate reasons supported by substantial evidence. The ALJ relied on the State agency physician's finding that Ray has only moderate social limitations, which is more consistent with the record than the 2013 report's unqualified and unreasoned conclusion.

The ALJ did not err in discounting the unreasoned and inconsistent opinion that Ray's attention and social deficits make her unable to work. The district court order is **AFFIRMED**.